UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
DOMINICK DE DEO,

                                                        Petitioner,

                                v.                                                  9:09-CV-0946
                                                                                    (TJM)

W. BROWN, Superintendent,

                                                        Respondent.
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

APPEARANCES:                              OF COUNSEL:

FOR THE PETITIONER:

**DOMINICK DE DEO**
Petitioner, *pro se*

FOR THE RESPONDENT:

**HON. ANDREW CUOMO**                    **LISA E. FLEISCHMAN, Esq.**
New York State Attorney General         Assistant Attorney General
120 Broadway
New York, NY 10271

**THOMAS J. MCAVOY**
**SENIOR, UNITED STATES DISTRICT JUDGE**

### DECISION and ORDER

      Presently before this Court is a motion filed by petitioner, *pro se* Dominick De Deo that seeks reconsideration of this Court's August 20, 2009 Order which, *inter alia*, denied De Deo's motion seeking appointment of counsel. *See* Dkt. No. 8 ("Motion for Reconsideration"); *see also* Dkt. No. 5 ("August, 2009 Order").

      In the application currently before this Court, De Deo argues that this Court should reconsider the portion of its August, 2009 Order which denied his application seeking appointment of counsel, and grant that request, because of De Deo's poor medical health.

Motion for Reconsideration at pp. 1-2.  Specifically, he claims that as a result of his medical condition, he is "incapable of reasonably comprehending the legal procedures required in even attempting to meaningfully represent [him]self."  *Id*. at p. 2.

Initially, the Court notes that the order for which reconsideration is now sought was filed on August 20, 2009, *see* August, 2009 Order, and De Deo dated his application seeking reconsideration of that decision on October 26, 2009.  *See* Motion for Reconsideration at p. 1.  De Deo's Motion for Reconsideration is therefore untimely and may properly be denied on that basis.  *See Wang v. Williams*, No. 08 CIV. 6471, 2009 WL 1270218, at *1 (S.D.N.Y. May 5, 2009); *see also* Local Rule 7.1(g) of the Local Rules of Practice for the Northern District of New York ("a party may file and serve a motion for reconsideration or reargument no later than TEN CALENDAR DAYS after the entry of the challenged ... order ....").

Additionally, reconsideration of a district court's order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.  *See Stewart Park & Res. Coalition, Inc. v. Slater*, 374 F.Supp.2d 243, 253 (N.D.N.Y. 2005) (Treece, M.J.) (citation omitted).  A court may properly reconsider its previous ruling only if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice.  *Id.* (quotation and other citations omitted).

Petitioner has failed to establish the presence of any of the above factors.  In arriving at this determination, the Court notes that, unlike most civil actions, habeas corpus proceedings have limited, if any, discovery, as well as limited motion practice, because the petition is typically resolved by reference to the state court record fully developed below.  Furthermore,

2

this Court denied De Deo's application seeking appointment of counsel "without prejudice to *sua sponte* reconsideration should the Court ultimately determine that an evidentiary hearing must be held in this matter." *See* August, 2009 Order at pp. 4-5. Thus, if this Court determines that an evidentiary hearing must be held to resolve the issues raised by De Deo in his petition, this Court will, at that time, appoint counsel on his behalf.

In light of the above, this Court denies De Deo's Motion for Reconsideration because such application is both untimely and without substance.

**WHEREFORE**, it is hereby

**ORDERED**, that De Deo's motion for reconsideration (Dkt. No. 8) is **DENIED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: October 28, 2009

Thomas J. McAvoy
Senior, U.S. District Judge